# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2430
_____

United States of America

*Plaintiff - Appellee*

v.

Lavan Devon Brandt, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: April 11, 2022
Filed: June 13, 2022
[Unpublished]

_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Lavan Brandt pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court[1] increased Brandt's base offense level because of his prior Iowa marijuana conviction and

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

sentenced him to a below-Guidelines prison term of 46 months. Brandt appeals, asserting the Iowa statute is overbroad because it includes hemp. We affirm.

Brandt was convicted in 2016 for felony possession of marijuana with intent to deliver, in violation of Iowa Code § 124.401(1)(d). At that time, the Iowa statute included hemp. In July of 2020, officers arrested Brant on two outstanding warrants. In a search incident to the arrest, officers discovered a firearm. Brant eventually pled guilty to being a felon in possession of a firearm.

On appeal, Brandt argues the district court erred in calculating his Guidelines range because he does not have a prior qualifying controlled substance offense. Brandt's argument is foreclosed by precedent. See United States v. Henderson, 11 F.4th 713, 718 (8th Cir. 2021), cert. denied, 142 S. Ct. 1696 (2022); see also United States v. Jackson, No. 20-3684, 2022 WL 303231, at *2 (8th Cir. Feb. 2, 2022) (unpublished per curiam); United States v. Scott, No. 21-3371, 2022 WL 1233083, at *1 (8th Cir. Apr. 27, 2022) (unpublished per curiam). His 2016 felony conviction for possessing marijuana with intent to deliver categorically qualifies as a controlled substance offense for Guidelines purposes. See Scott, 2022 WL 1233083, at *1. The district court did not err in determining the base offense level was 20.

We affirm the judgment of the district court.

_____